# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSE GREGORIO DURAN URQUIOLA,**

 **Petitioner,**

 v. **Case No. 26-CV-1090**

**DALE J. SCHMIDT,** *et al.,*[1]

 **Respondent.**

---

## ORDER TO SHOW CAUSE

---

On June 17, 2026, Jose Gregorio Duran Urquiola filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Duran Urquiola is a citizen of Venezuela who is currently detained in this district at the Dodge County Detention Facility. (*Id.*, ¶¶ 3, 9.) He has been in custody since May 7, 2026, when he was arrested at a regular check-in appointment with Immigration and Customs Enforcement ("ICE"). (*Id.*, ¶ 3.)

---

[1] "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, No. 16-C-11364, 2017 WL 1181592, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953–54 (7th Cir. 2006)). Duran Urquiola is in custody at the Dodge County Jail. The official ultimately in charge of that facility is the Dodge County Sheriff, Dale J. Schmidt. The Clerk of Court shall terminate all other persons and federal entities identified as respondents, with the exception of the United States of America, who remains as a nominal party.

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

**1. Background**

According to the petition, Duran Urquiola fled Venezuela due to persecution and threats connected to his political activity. (ECF No. 1, ¶ 15.) He has resided in the United States since 2022, when he was released on his own recognizance under Section 212(d)(5) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(d)(5). (*Id.,* ¶ 21.)

He retained an attorney to assist in filing an application for asylum, but the attorney failed to timely file the application, filing it one month late in November of 2023. (ECF No. 1, ¶ 23.) Duran Urquiola nevertheless obtained work authorization and received temporary protected status in September 2024. (*Id.,* ¶ 22.)

On May 7, 2026, Duran Urquiola received a Notice to Appear in removal proceedings. (ECF No. 1, ¶ 24.) On or about the same day, ICE detained him during a scheduled check-in. (*Id.,* ¶ 25.)

2

Duran Urquiola argues that the government has violated the Immigration and Nationality Act ("INA") by applying the mandatory detention provision (8 U.S.C. § 1225(b)) to noncitizens like him who are no longer "arriving" and have been residing in the United States for years prior to being re-detained and placed in removal proceedings. (ECF No. 1, ¶¶ 58–66.) He contends that the unlawful interpretation of 8 U.S.C. § 1225 violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (B), & (D). (*Id.*, ¶¶ 51–57.) He also alleges that his continued detention without a bond hearing to determine whether he is a flight risk or danger to others violates his rights to procedural and substantive due process. (*Id.*, ¶¶ 30–50.) He further alleges that his warrantless arrest violated his Fourth Amendment rights because the arresting officers did not have reasonable suspicion of illegal presence or probable cause for his arrest. (*Id.*, ¶¶ 67–72.)

Accordingly, Duran Urquiola requests that he be released during the pendency of his immigration proceedings. (ECF No. 1 at 19–20.)

**2. Analysis**

A habeas petition under 28 U.S.C. § 2241 can serve as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (noting that § 2241 petitions are used to challenge the fact or duration of confinement).

This petition adds to a long line of cases across the country that have challenged DHS's mandatory detention policy on statutory and constitutional due process grounds. While results have varied, no binding precedent currently dictates the outcome. A three-judge panel of the Seventh Circuit recently split on the issue: (1) Judge Lee concluded that mandatory detention under § 1225(b)(2)(A) did not apply "to noncitizens unlawfully living in the country's interior," (2) Judge Pryor concluded the court did not need to reach the merits of the § 1225(b)(2)(A) argument and voted to resolve the case on other grounds, and (3) Judge Kirsch concluded in his dissent that the government's interpretation of § 1225(b)(2)(A) was correct. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856–57, 871–77 (7th Cir. 2026). "The portion of the merits opinion in *Castañon-Nava* addressing the meaning and applicability of Section 1225(b)(2)(A) is, therefore, not a precedential holding of the Seventh Circuit, and both Judge Lee's and Judge Kirsch's opinions are persuasive authority on this issue." *Gonzalez-Lopez v. Swearingen, et al.*, No. 2:26-CV-00200-JRO-MG, 2026 WL 1270065, at *5, 2026 U.S. Dist. LEXIS 102232, at *13 (S.D. Ind. May 8, 2026)). Having reviewed Duran Urquiola's filings and the legal landscape, the court cannot say that the petition is subject to summary dismissal.

Because it does not appear from the face of the petition that Duran Urquiola is not entitled to relief under § 2241, the court will order the respondent to show cause why the writ should not be issued. *See* 28 U.S.C. § 2243 (requiring a court to "issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto").

Section 2243 requires the respondent to show cause within three days. However, the Rules Governing Section 2254 Cases, which have "the force of a superseding statute," afford the court wide discretion in setting a schedule for the resolution of the petition. *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1994). The court concludes that seven days is appropriate.

## 3. Conclusion

**IT IS THEREFORE ORDERED** that all individuals and entities named as respondents by the petitioner, aside from Sheriff Dale J. Schmidt and the United States of America, are dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve the respondents with a copy of the petition and this order.

**IT IS FURTHER ORDERED** that within **seven days** of the date of this order the respondents shall answer the petition and show cause why the writ should not be issued. The petitioner shall reply no later than **three days** thereafter.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge