# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JOSE GREGORIO DURAN URQUIOLA,

        Petitioner,

    v.                              Case No. 26-CV-1090

DALE J. SCHMIDT, *et al.*

        Respondents.

---

## DECISION AND ORDER

---

Jose Gregorio Duran Urquiola is a citizen of Venezuela who is currently detained in this district at the Dodge County Detention Facility. (ECF No. 1, ¶¶ 3, 9.) Duran Urquiola filed a petition for writ of habeas corpus arguing that his detention is unlawful and he should be released or, alternatively, entitled to a bond hearing. (ECF No. 1.) The court screened the petition and ordered the respondents to show cause why the writ should not be issued. (ECF No. 4.) Briefing is now complete, and all parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 6, 9.)

## 1. Background

Duran Urquiola fled Venezuela due to persecution and threats connected to his political activity. (ECF No. 1, ¶ 15.) He has resided in the United States since 2022, when he was released on his own recognizance under Section 212(d)(5) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(d)(5). (*Id.*, ¶ 21.)

He retained an attorney to assist in filing an application for asylum, but the attorney failed to timely file the application, filing it one month late in November of 2023. (ECF No. 1, ¶ 23.) Duran Urquiola nevertheless obtained work authorization and received temporary protected status in September 2024. (*Id.*, ¶ 22.)

On May 7, 2026, Duran Urquiola received a Notice to Appear in removal proceedings. (ECF No. 1, ¶ 24.) On or about the same day, ICE detained him during a scheduled check-in. (*Id.*, ¶ 25.)

## 2. Analysis

Duran Urquiola challenges his placement in mandatory detention based on the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A). As of July 8, 2025, the government classifies any noncitizen who entered the United States without inspection, regardless of the length of time present in this country, as an "applicant for admission" under § 1225(b)(a)(1) and deems the phrase "applicant for admission" equivalent to "alien seeking admission" under § 1225(b)(2)(A), rendering such an individual subject to § 1225(b)(2)(A)'s requirement of mandatory detention. *See Garcia Guerrero v. Schmidt*,

No. 25-CV-1975-BBC, 2026 WL 45263, at *1–2 (E.D. Wis. Jan. 7, 2026) (acknowledging historical practice and new policy). The government previously afforded bond hearings under § 1226 to noncitizens if they had resided in the United States for years prior to being apprehended and placed in removal proceedings. *See id.* The about-face is purely a new interpretation of an unchanged statute.

The Board of Immigration Appeals issued a precedential decision adopting the government's interpretation and holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

This petition adds to a long line of cases across the country that have challenged DHS's mandatory detention policy on statutory and constitutional due process grounds. While results have varied, no binding precedent currently dictates the outcome. A three-judge panel of the Seventh Circuit recently split on the issue: (1) Judge Lee concluded that mandatory detention under § 1225(b)(2)(A) did not apply "to noncitizens unlawfully living in the country's interior," (2) Judge Pryor concluded the court did not need to reach the merits of the § 1225(b)(2)(A) argument and voted to resolve the case on other grounds, and (3) Judge Kirsch concluded in his dissent that the government's interpretation of § 1225(b)(2)(A) was correct. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856–57, 871–77 (7th Cir. 2026). "The portion of the merits opinion in *Castañon-Nava* addressing the meaning and applicability of Section 1225(b)(2)(A) is, therefore, not a

precedential holding of the Seventh Circuit, and both Judge Lee's and Judge Kirsch's opinions are persuasive authority on this issue." *Gonzalez-Lopez v. Swearingen, et al.*, No. 2:26-CV-00200-JRO-MG, 2026 WL 1270065, at \*5, 2026 U.S. Dist. LEXIS 102232, at \*13 (S.D. Ind. May 8, 2026)).

Courts across the country and within this district have also split on this issue. *See, e.g., Cano-Ortega v. Olson, et al.*, No. 25-CV-1919-PP, 2026 WL 1746898, at \*12 (E.D. Wis. June 17, 2026) (granting petition); *Valenciano Vela v. Schmidt*, No. 25-CV-2004, 2026 WL 161334-BBC, at \*2 (E.D. Wis. Jan. 21, 2026) (same); *Alonso v. Olson*, No. 25-CV-1660-LA, 2025 WL 3240928, at \*3 (E.D. Wis. Nov. 20, 2025) (same); *but see Ugarte-Arenas v. Olson*, No. 25-CV-1721-WCG, 2025 WL 3514451, at \*5 (E.D. Wis. Dec. 8, 2025) (denying petition); *Hernandez v. Olson*, No. 25-CV-1670-BHL, 2026 WL 161509, at \*5 (E.D. Wis. Jan. 21, 2026) (denying petition but acknowledging "that a strong majority of other courts have rejected the government's reading of these statutes").

Upon careful review of the evolving legal landscape, this court finds no reason to alter its previous conclusion that petitioners similarly situated to Duran Urquiola are not subject to mandatory detention under § 1225(b)(2)(A). *See, e.g., Cisneros-Vera v. Schmidt, et al.*, No. 26-CV-1066-WED, 2026 WL 1847224, at \*3 (E.D. Wis. June 26, 2026) (granting petition). Duran Urquiola entered the United States in 2022, was paroled into the country, and has complied with immigration check-ins since that time. He cannot be said to be "seeking admission" at the time of his detention nearly four years later.

Because Duran Urquiola's detention under § 1225(b)(2)(A) violates the INA, the court will not address his alternative arguments against continued detention. *See Balderas v. Olson*, 815 F. Supp. 3d 775, 788 (N.D. Ill. 2025) (concluding that individualized bond hearing constituted appropriate relief for violation of Fifth Amendment due process rights based on immigration detention without a bond hearing).

## 3. Conclusion

**IT IS THEREFORE ORDERED** that Jose Gregorio Duran Urquiola's petition for writ of habeas corpus is **granted**. Within **seven days** of this order the respondents must either: (1) provide Duran Urquiola with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226, at which time the government must bear the burden of justifying the petitioner's detention by proving, by clear and convincing evidence, the petitioner's dangerousness or flight risk; or (2) release Duran Urquiola from custody under reasonable conditions of supervision. If the respondents release Duran Urquiola from custody, they shall ensure the prompt return of all personal effects taken at the time of detention. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of July, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge