# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JOSE GREGORIO DURAN URQUIOLA,

      Petitioner,

      v.                          **Case No. 26-CV-1090**

DALE J. SCHMIDT, *et al.*

      Respondents.

---

## ORDER

---

On July 7, 2026, this court granted Jose Gregorio Duran Urquiola's petition for a writ of habeas corpus. (ECF No. 11.) The court ordered the respondents to provide Duran Urquiola with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226 or release him from custody under reasonable conditions of supervision. (*Id.* at 5.)

On August 3, 2026, Duran Urquiola filed a motion to enforce the court's order. (ECF No. 13.) He contends that the imposition of an electronic monitoring device violates not only this court's order, but also his right to due process under the Fifth Amendment and the Administrative Procedure Act. (*Id.*, ¶¶ 21–44.)

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) (citation

omitted). This court therefore has authority to determine whether the respondents provided Duran Urquiola with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226 or released him from custody under reasonable conditions of supervision.

Duran Urquiola acknowledges that he received a bond hearing pursuant to 8 U.S.C. § 1226(a) during which an Immigration Judge granted bond in the amount of $10,000. (ECF No. 13, ¶ 4.) He posted bond and was released from custody on July 20, 2026. (*Id.*) After Duran Urquiola's release from custody, Immigration and Customs Enforcement ("ICE") agents scheduled an appointment with him on July 23, 2026, to discuss conditions of supervision. (*Id.*, ¶ 5.) At that appointment, ICE agents installed a 24/7 GPS monitor around his ankle and told him that he cannot leave Wisconsin and its neighboring states without prior approval from ICE, which must be requested at least three weeks in advance. (*Id.*, ¶ 5.) The Immigration Judge's bond order did not mandate location monitoring or any other conditions of release. (*Id.*, ¶ 4; *see also* ECF No. 13-1 (Immigration Judge's order for release under bond).)

The court's order granting Duran Urquiola's petition for a writ of habeas corpus afforded the respondents two avenues for compliance. (*See* ECF No. 11 at 5.) They have complied with the first option by providing him with a bond hearing. Duran Urquiola does not allege that the hearing failed to comply with this court's order. (*See* ECF No. 13.) He challenged his initial confinement, the legality of which has been addressed and remedied. The question of whether the new conditions of release constitute custody in

violation of the Constitution or laws or treaties of the United States is not a question properly before this court. *See, e.g.*, *Martinez Santander v. Mordant*, No. 2:26-CV-164-KCD-NPM, 2026 WL 685651, at *1, 2026 U.S. Dist. LEXIS 49698, at *3 (M.D. Fla. Mar. 11, 2026) (finding petitioner could not "wage a new battle" against the continuous GPS monitor because his underlying claims were fully extinguished when he was released after receiving a hearing and posting bond); *see also Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017) (observing that the petitioner received all the relief requested and would need to file a new habeas petition). Because the question is not properly before this court, there is nothing to enforce.

**IT IS THEREFORE ORDERED** that Jose Gregorio Duran Urquiola's motion to enforce (ECF No. 13) is **denied**.

Dated at Milwaukee, Wisconsin this 4th day of August, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge